UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 1:21-cv-23238

NELSON PEREZ

        Plaintiff,

vs.

WAL-MART STORES EAST, L.P.,
a foreign partnership,

        Defendant.
_____/

**COMPLAINT**

Plaintiff, NELSON PEREZ, by and through the undersigned counsel, sues Defendant, WAL-MART STORES EAST, LP, a foreign partnership, and allege as follows:

PARTIES

1. Plaintiff, NELSON PEREZ, was, at all times material hereto, a resident of Miami-Dade County, Florida, was over the age of eighteen (18) years and is otherwise sui juris.

2. Defendant, WAL-MART STORES EAST, L.P., ("WALMART"), is a foreign partnership engaged in business in Miami-Dade County, throughout Florida, and nationwide.

3. At all times material, Defendant, WALMART, owned, operated, and/or had possession and control of the Wal-Mart Supercenter Store # 2814, located at 9300 NW 77th Ave, Hialeah, in Miami-Dade County, Florida, and the location where theincident described herein occurred.

4. At all times material, Defendant, WALMART, owned, operated, maintained and/or had possession and control of the store aisles, floor surfaces and passageways.

1

## STATEMENT OF FACTS

7. On or about August 19, 2019, Plaintiff, NELSON PEREZ, was an invitee of the Wal-Mart Supercenter Store # 2814, located at 9300 NW 77th Ave, Hialeah, FL 33016.

8. At all times material hereto, there was an area, wet with water on the floor surface in one of the store's shopping aisles caused by dripping and/or leaking water. The wet area consisted of a streak along the floor surface and extended between 15 and 20 feet.

10. Defendant knew and/or should have known the danger presented by the wet area and accordingly should have removed such a dangerous condition from its premises and/or taken measures to prevent an accident from a customer falling. The wet area was in such location for an extended period of time and/or occurred with such regularity that Defendant should have been aware of the danger presented and should have removed such a dangerous condition from its premises. Defendant, through its agents and/or employees, failed to take any such precautionary and/or remedial measures and instead caused or permitted a large wet area on the floor surface of its store aisle accessible to invitees and specifically, the Plaintiff.

9. As Plaintiff was walking in the store, he, suddenly and without warning, slipped on the aforementioned wet area.

10. As a result of how he fell, Plaintiff sustained severe injuries to his body including, particularly, to his back and legs.

11. At all times material, the water had been left in an area accessible to invitees, including Plaintiff.

12. Due to WALMART's negligent acts and omissions in failing to keep the premises in a reasonably safe condition, Plaintiff sustained a severe and permanent injury as fully described herein below.

## COUNT I
## NEGLIGENCE CLAIM AGAINST WALMART

13. The Plaintiff adopts and re-alleges paragraphs one (1) through twelve (12) as if fully set forth herein, and further allege:

14. At all times material hereto, Defendant, WALMART owed to Plaintiff, NELSON PEREZ, an invitee to the premises, the duty to use reasonable care in keeping and maintaining the premises in a reasonably safe condition.

15. Additionally, at all times material hereto, Defendant, WALMART, owed to Plaintiff, NELSON PEREZ, the duty to give him warning of concealed perils which are known or should be known to Defendant, and which were unknown to Plaintiff and could not be discovered by him through the exercise of due care.

16. Defendant, WALMART, breached its duty to Plaintiff in one or more of the following ways:

   a. Failing to use reasonable care in maintaining the premises in a reasonably safe condition. Specifically, the wet area on the ground of its store created a dangerous condition unbeknownst to visitors;

   b. Failing to give Plaintiff warning that the wet created a dangerous condition, and that extra caution should be taken in that particular area, given the hidden dangers;

   c. Failing to maintain the premises in a reasonably safe condition for invitees and Plaintiff. Specifically, upon learning of the wet area, Defendant's agents and employees failed to take any precautionary and/or remedial action to rectify the dangerous condition of the subject area;

   d. Failing to properly train its agents and/or employees to keep the premises in a reasonably safe condition for invitees and specifically, for the Plaintiff;

    e.    Failing to clean the wet area on the store floor that was in control, possession and/or ownership of WALMART.

    f.    Failing to properly monitor its agents and/or employees so as to reasonably assure that they were maintaining the premises in a reasonably safe condition for all invitees, and specifically, the Plaintiff;

    g.    Failing to implement and train its agents and/or employees in policies and procedures designed to reasonably assure the safety of invitees on the premises;

    h.    Failing to enforce the policies and procedures designed to reasonably assure the safety of invitees on the premises, and

    i.    Other acts of negligence to be determined through discovery.

17.    All of the above acts or omissions on the part of Defendant WALMART were errors, andconstituted negligence.

18.    At all times material, the defendant's negligent acts and omissions caused Plaintiff to sustain serious and permanent injuries as fully described below.

19.    As a direct and proximate result of the negligence by Defendant, Plaintiff, NELSON PEREZ, makes the following claims for damages against WALMART:

    a.    Permanent bodily injury;
    b.    Aggravation of a pre-existing condition;
    c.    Pain and suffering;
    d.    Permanent disability;
    e.    Permanent disfigurement;
    f.    Mental anguish;
    g.    Loss of earning capacity;
    h.    Medical, nursing, and rehabilitative expenses;
    i.    Loss of capacity for the enjoyment of life;
    j.    Loss of consortium; and
    k.    All other damages allowed by law.

WHEREFORE, Plaintiff, NELSON PEREZ, demands judgment for damages against Defendant, WAL-MART STORES EAST, LP, a foreign partnership, and any other relief this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff further demands trial by jury of all issues so triable as a matter of right.

DATED this 8th day of September 2021.

                                        Respectfully submitted,

**KAPLAN & MILLER, P.A.**
*Attorneys for Plaintiff*
999 Ponce de Leon Boulevard
Suite 555
Coral Gables, FL  33135
Tel. 305.445.2727
Fax 786.422.1625
ekaplan@kaplanandmiller.com
igarcia@kaplanandmiller.com


By: /s/ Eli Kaplan_____
    Eli Kaplan, Esq.
    Florida Bar Number 472417